Upon reargument, judgment of conviction affirmed in the folloAving memorandum: ‘ ‘ Assuming that the alleged dying declaration of the victim, a copy of which has been furnished to counsel for appellant, was made in expectation of immediate death and after hope of recovery had been abandoned, it is so unclear and self contradictory that one cannot know that the person who took this stenographic statement was actually in communication with the dying man, who could not speak, and is supposed to have responded to questions merely by shaking his head affirmatively or negatively. If the statement is of any significance, it tends to implicate defendant in the crime *1039 charged rather than to exculpate him. Although the Trial Judge should have directed that this statement be produced for the inspection of counsel for the defendant during the trial, failure to do so or omission to receive it in evidence could not have prejudiced defendant.” No opinion.
Concur: Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke.